IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STARLETT C. HUNTER, | § | |
| *Plaintiff,* | § | SA-21-CV-00638-FB |
| vs. | § | |
| CROSSMARK, | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the above-styled cause of action. All non-dispositive pretrial matters in this case were referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be **DISMISSED** for want of prosecution.

**I. Background and Analysis**

Plaintiff Starlett C. Hunter, proceeding *pro se*, filed this action on July 7, 2021, against her former employer Crossmark [#1]. Plaintiff's Complaint alleges violations of the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, Title VII of the Civil Rights, and the Rehabilitation Act. Defendant Crossmark filed a Motion to Dismiss on October 4, 2021 [#5], arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  The undersigned reviewed Plaintiff's Complaint, and indeed, Plaintiff filed a form complaint and merely checked the boxes of the laws she is contending Defendant violated.  Plaintiff's Complaint does not include any specific factual allegations to support the asserted causes of action.  Therefore, the undersigned ordered Plaintiff to file an Amended Complaint that includes specific factual allegations and satisfies Rule 8 of the Federal Rules of Civil Procedure and that attempts to cure the deficiencies identified in Crossmark's motion on or before October 25, 2021 [#7].  To date, Plaintiff has not filed the ordered Amended Complaint.

## II. Analysis

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b).  In light of Plaintiff's failure to respond to the Court's Order to file an amended pleading that satisfies the requirements of Rule 8 and addresses the deficiencies identified in the pending motion for judgment on the pleadings, the Court will recommend that Plaintiff's claims be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## III.  Conclusion and Recommendation

Having considered the record in this case, the undersigned **recommends** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of November, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY