IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STARLETT C. HUNTER, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-00638-FB |
| vs. | § § | |
| CROSSMARK, | § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint [#14]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be **granted in part and denied in part**.

**I. Background**

Plaintiff Scarlett Hunter, proceeding *pro se*, filed this action on July 7, 2021, against Defendant Crossmark, her former employer, alleging unlawful discrimination in violation of Title VII, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Texas Labor Code, and the Rehabilitation Act of 1973. On her check-box form pleading, Plaintiff alleges she exhausted her administrative remedies by filing charges against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 14, 2019, and was issued a Notice of Right to Sue on April 18, 2020.

1

Defendant filed a motion to dismiss Plaintiff's Complaint, arguing that Plaintiff's Complaint fails to allege any facts to support a *prima facie* case of discrimination because she failed to include any narrative explanation of the bases for her claims on the form Complaint. The undersigned ordered Plaintiff to file an amended pleading satisfying the requirements of Rule 8 by October 25, 2021, but she failed to do so. The undersigned therefore recommended Defendant's motion to dismiss be granted and returned this case to the District Court.

After the case was returned, Plaintiff filed her Amended Complaint [#12]. The District Court accepted Plaintiff's untimely pleading, denied without prejudice the motion to dismiss, and re-referred this case to the undersigned. In its Order, the District Court also warned Plaintiff that any future failure to follow the rules governing all litigants in federal court would result in dismissal of this action without further notice.

Defendant has now filed a second motion to dismiss. The motion was filed on December 31, 2021, making any response in opposition to the motion due on or before January 14, 2022. *See* W.D. Tex. Loc. R. CV-7(d)(2) (responses to motion to dismiss "shall be filed not later than 14 days after the filing of the motion"). The deadline to file a response to Defendant's motion has long expired, and Plaintiff has not a response or any other document in this case since the filing of her Amended Complaint on December 14, 2021. This Court's Local Rules allow the Court to grant a motion as unopposed, where there is no response filed. *See id.* But where, as here, the motion (if granted) would be dispositive of a cause of action or the entire case, the Court is nonetheless obligated to address the motion on its merits. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022–23 (5th Cir. 1995). The motion is now ripe for the Court's review.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Furthermore, a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, a court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *Twombly*, 550 U.S. at 570.

## III. Allegations in the First Amended Complaint

Plaintiff's Amended Complaint alleges that she began working for Defendant around August 2017 as a part-time Retail Merchandiser and was promoted to a full-time Direct Sales Representative in November 2018. (Am. Compl. [#1], at 2–3.) Plaintiff's responsibilities as a Direct Sales Representative were to travel to 25 different retail locations through Texas, set up store displays, and coordinate with store management to devise more effective promotions for

Kimberly Clark's products.  (*Id.* at 3.)  Plaintiff alleges that during her employment she won several awards for her excellent sales results as part of Defendant's Southwest Kimberly Clark team.  (*Id.*)

According to Plaintiff's Amended Complaint, on March 25, 2019, her supervisor was replaced by a Caucasian female named Berna Gaul.  (*Id.* at 3–4.)  Plaintiff alleges Ms. Gaul engaged in a consistent pattern of discriminatory treatment against the African Americans she supervised, including Plaintiff.  (*Id.* at 4.)  This discriminatory conduct included monitoring Black employees more than White employees and acknowledging the achievements of White employees but not Black employees.  (*Id.*)  Plaintiff also alleges that Ms. Gaul wrongfully instructed her subordinates to violate company policy by creating inaccurate billing entries for clients so that they would receive a consistent bill for services.  (*Id.* at 4–5.)

Plaintiff alleges she suffers from a disability—a heightened risk of cancer in her colon causing regular screenings—and that she requested time off for medical care related to this condition and to extract two abscessed teeth.  (*Id.* at 5.)  Plaintiff complained to multiple supervisory-level employees of Defendant about Ms. Gaul sharing her private medical information with others.  (*Id.* at 5–6.)  Plaintiff believes she began suffering discipline from Ms. Gaul in retaliation for these complaints.  (*Id.* at 6.)

Finally, in October 2019, Plaintiff alleges she notified Ms. Gaul of issues with Defendant's time-keeping system that were affecting the accuracy of her time reports, and that other employees were also experiencing issues.  (*Id.*)  Defendant sent out an email to its Retail employees in late October/early November 2019, informing them that they should begin using a new timekeeping system due to problems with the previous platform.  (*Id.* at 7.)

On November 14, 2019, Plaintiff had a teleconference with Ms. Gaul in which Ms. Gaul claimed that Plaintiff's billing entries contained some irregularities. (*Id.*)  On that same day, Ms. Gaul wrote Plaintiff an email that she was suspended from work. (*Id.*)  Plaintiff thereafter filed her EEOC charge. (*Id.*)  Ms. Gaul was notified of the filing of the EEOC complaint and was shortly thereafter terminated. (*Id.*)  Ms. Gaul was replaced by someone at least 20 years younger who was not an African-American female. (*Id.*)  Plaintiff alleges she was wrongfully terminated on November 27, 2019, for the state reason of violating time policies when in fact the reason for her termination was race, age, and disability discrimination. (*Id.* at 5.)

## IV.  Analysis

Plaintiff's Amended Complaint contains the following causes of action: ADEA and Texas Labor Code age discrimination (Count I), retaliation under Title VII, § 1981, the ADEA, ADA, and Texas Labor Code (Count II), disability discrimination (Count III), and Title VII, Section 1981, and Texas Labor Code race discrimination (Count IV).  Defendant moves to dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted. Construing Plaintiff's Amended Complaint liberally and resolving all inferences in her favor, the undersigned finds that she pleaded *prima facie* claims of retaliation and race and age discrimination.  The Court should, however, dismiss Plaintiff's disability discrimination claim.

**A.     Plaintiff fails to allege a qualifying disability to support her disability discrimination claim.**

Defendant moves to dismiss Plaintiff's disability discrimination claim (Count III). Plaintiff alleges that Defendant discriminated against her by failing to accommodate her disabling medical conditions and engaged in retaliatory discharge on account of her disability. (Am. Compl. [#12], at 10–11.)  The only medical conditions Plaintiff references in her Amended Complaint are a heightened risk of colon cancer and abscessed teeth.  Plaintiff alleges she

5

requested time off for a colonoscopy, mammogram, and pap smear, all of which were related to her heightened risk of cancer, and to have two abscessed teeth removed, but Ms. Gaul denied the requests.  (*Id.* at 5.)

The Americans with Disabilities Act ("ADA") requires an employer to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.  *See Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017).  To pass the initial pleadings requirement on a failure-to-accommodate claim, Plaintiff must plead facts that make plausible the inference that (1) she was a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations.  *See id.*  A disability is "a physical or mental impairment that substantially limits one or more major life activities of such individual."  42 U.S.C. § 12102(1)(A).

Plaintiff has failed to allege any facts that support the inference that she was a qualified individual with a disability.  Having a heightened risk of cancer is not in itself a condition that substantially limits one or more major life activities.  *See Darby v. Childvine, Inc.*, 964 F.3d 440, 446 (6th Cir. 2020) (dismissing ADA claim for failure to allege a disability where plaintiff based claim on a genetic mutation predisposing plaintiff to other conditions, such as cancer, as the terms of the ADA "do not reach that far").[1]

Nor are Plaintiff's dental problems a disability under the ADA.  *See Moody v. M.W. Kellogg Co.*, 176 F.3d 479, at *3 (5th Cir. 1999) ("[T]here is a difference between a particular,

---

[1] There is, however, a law that protects employees from discrimination based on genetic information.  *See* Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff-1(a).  Plaintiff's Amended Complaint does not include a GINA claim.  Nor is there any indication in Plaintiff's pleadings that she included a GINA claim in her EEOC charge.  *See* 42 U.S.C. § 2000ff-6 (adopting procedural scheme of Title VII and its exhaustion requirement).

temporary injury (such as a back injury resulting from a fall) and a substantially limiting impairment."). Plaintiff has failed to allege that her abscessed teeth substantially limited a major life activity. She alleges generally that she was limited in her ability to eat but does not provide any allegations as to how her ability to eat was affected, how severely it was affected, or how long it was affected, let alone when her request for time off was denied.

Plaintiff has failed to plead a plausible failure to accommodate claim based on her heightened risk of colon cancer or dental problems. Plaintiff could have responded to Defendant's motion with additional factual allegations regarding either of her allegedly disabling conditions but failed to do so. Accordingly, the District Court should dismiss Count III for failure to state a claim.

### B.     Plaintiff pleads plausible claims of retaliation.

Defendant asks the Court to dismiss Plaintiff's retaliation claims (Count II). Plaintiff's retaliation claims invoke Title VII, Section 1981, the ADEA, ADA, and Texas Labor Code. To plead a *prima facie* claim of retaliation under these statutes, Plaintiff must allege (1) that she engaged in activity protected by the statute, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (retaliation under Texas Labor Code); *Feist v. La., Dep't of Justice*, 730 F.3d 450, 454 (5th Cir. 2013) (ADA retaliation); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (Section 1981 retaliation); *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001) (ADEA retaliation); *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (Title VII retaliation).

An employee has engaged in activity protected by Title VII if she has either (1) "opposed any practice made an unlawful employment practice" by Title VII or (2) "made a charge,

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII, even by lodging an informal complaint. 42 U.S.C. § 2000e–3(a); *Hagan v. Echostar Satellite LLC*, 529 F.3d 617, 626 (5th Cir. 2008). Similarly, an employee engages in activity protected by the ADEA, ADA, or the Texas Labor Code if she opposes any practice made unlawful by those statutes or if she makes a charge, testifies, assists or, participates in investigations, proceedings, or hearings under those statutes. *See also Gorman*, 753 F.3d at 170 (protected activity under Texas Labor Code is opposing any practice made an unlawful employment practice under Chapter 21); *Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1225–26 (5th Cir. 1996) (protected activity under ADEA is opposing practice prohibited by ADEA or participating in proceeding under ADEA). The opposition clause of § 2000e–3(a) requires the employee to demonstrate that she had at least a "reasonable belief" that the practices she opposed were unlawful. *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981). Similarly, under the ADA, there is no requirement that the plaintiff suffer from an actual disability; where an employee has a good faith belief that she is disabled or perceived as disabled, making a request for reasonable accommodation or complaining about ADA violations may constitute protected activity. *Tabatchnik v. Continental Airlines*, 262 Fed. App'x 674, 676 & n.1 (5th Cir. 2008). Thus, Plaintiff's failure to plead a plausible claim of disability discrimination for failure to allege a cognizable disability under the ADA is not fatal to her claim of ADA retaliation.

Plaintiff's Amended Complaint alleges that she filed a Charge of Discrimination with the EEOC against Ms. Gaul and complained at work about discriminatory and retaliatory conduct by Ms. Gaul and was terminated shortly thereafter. (Am. Compl. [#1], at 2–3.) Plaintiff did not include a copy of the EEOC charge with her pleadings, so the Court is unable to evaluate under

which statutes Plaintiff might have a valid retaliation claim. Yet, at the this stage of the proceedings, the undersigned finds Plaintiff has pleaded a plausible retaliation claim and the Court should not dismiss Count II of her Amended Complaint.

**C.     Plaintiff pleads plausible claims of race and age discrimination.**

Defendant also seeks dismissal of Plaintiff's race and age discrimination claims under Title VII, Section 1981, and the Texas Labor Code and the ADEA (Counts I and IV). A plaintiff states a *prima facie* case of discrimination under Title VII, the Texas Labor Code, and the ADEA by alleging that she (1) is a member of a protected group; (2) was qualified for the job that was held; (3) was discharged; and (4) after the employer discharged the plaintiff, the employer filled the position with a person who is not a member of a protected group. *See Vann v. Mattress Firm, Inc.*, 626 Fed. App'x 522, 525 (5th Cir. 2015) (addressing discrimination under Title VII, Texas Labor Code, and the ADEA). The elements of a race discrimination claim under Section 1981 are that (1) the plaintiff was a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (noting that analysis of discrimination claims under Section 1981 is identical to analysis of Title VII claims). Discriminatory motive may be demonstrated by circumstantial evidence of disparate treatment. *Id.*

Plaintiff alleges that the stated basis for her termination was pretext for race and age discrimination and that she was replaced by individuals who were not members of her protected age and race groups. Defendant contends that the Court should dismiss Plaintiff's discrimination claims because she fails to name or identify the race or age of the individuals who purportedly replaced her. Plaintiff's Amended Complaint states that the person who replaced her was "at

least twenty years younger" and "not an African-American female." (Am. Compl. [#12], at 7.) These allegations, from which the Court makes all reasonable inferences in Plaintiff's favor, sufficiently allege age and race discrimination based on disparate treatment under Title VII, the ADEA, the Texas Labor Code, and Section 1981.

## V.  Conclusion and Recommendation

Having considered Defendant's motion, Plaintiff's pleadings, and the governing law, the undersigned recommends that Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint [#14] be **GRANTED IN PART** as to Plaintiff's disability discrimination claim under the ADA (Count III) and **DENIED IN PART** as to her claims of race and age discrimination and retaliation (Counts I, II, and IV).

## VI.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985);

*Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 5th day of April, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE