IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STARLETT C. HUNTER, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00638-FB |
| vs. | § § | |
| CROSSMARK, | § § | |
| *Defendant.* | § § § | |

# ORDER

Before the Court in the above-styled cause of action are Defendant's Rule 37(a)(3)(B) Motion to Compel Plaintiff to Provide Complete Discovery Responses [#27] and Defendant's Opposed Motion to Amend Scheduling Order [#28]. On November 14, 2022, the Court held a hearing on the motions, at which Plaintiff, who is proceeding *pro se*, and counsel for Defendant appeared via videoconference. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

This is an employment action alleging unlawful discrimination and retaliation in violation of federal and state law. Defendant served written discovery on Plaintiff and alleges that her responses, including her supplemental responses, remain incomplete. As a result of the alleged incomplete discovery responses, Defendant postponed Plaintiff's scheduled deposition. By its motions, Defendant asks the Court to compel Plaintiff to more fully respond to the discovery and to extend the discovery deadline to accommodate Plaintiff's deposition. The Court will grant the motions in part.

Many of Plaintiff's discovery responses simply state "N/A." Plaintiff clarified at the hearing that by N/A, she means that she has no responsive documents. Plaintiff explained that many of her physical documents were destroyed in a hurricane and/or lost due to non-payment of her storage unit, where they were being stored. The Court informed Plaintiff at the hearing that she is obligated to produce all responsive documents, whether in physical or electronic form. Plaintiff agreed to supplement her discovery responses with electronic documents on or before November 30, 2022. She also agreed to amend her discovery responses to clarify either that she has no document responsive to the request in her possession, or that she has documents (electronic or physical) and has produced them.

Defendant seeks information regarding Plaintiff's employment post-termination. Plaintiff has not provided Defendant with any information regarding her part-time employment, only that she has not obtained full-time employment during this time period. The Court instructed Plaintiff to provide Defendant with the name of any part-time employer for whom she has worked since her termination. She should also identify any informal work that she has performed to earn income. This information must also be provided to Defendant by November 30, 2022.

All other information sought by Defendant through written discovery is likely best obtained through asking Plaintiff questions during her deposition. If during the deposition, Defendant discovers that Plaintiff failed to produce responsive documents to the written discovery or discovers other information that should have been disclosed prior to the deposition because it is responsive to discovery requests, Defendant may move to reopen the deposition to further question Plaintiff on specific topics related to the undisclosed documents and information if Defendant can show it was prejudiced by not having that information prior to the deposition.

The parties agreed on a date for Plaintiff's deposition: December 16, 2022, at 9:00 a.m. at the office for counsel for Defendant. Defendant shall serve Plaintiff with a proper notice of the deposition. The Court does not find good cause, however, to extend the discovery deadline in general to a later date. The Court will extend the deadline for dispositive motions and for mediation as requested in Defendant's motion.

Finally, the parties agreed to the entry of the Court's standard Confidentiality and Protective order. The Court will enter the Protective Order by separate Order.

**IT IS THEREFORE ORDERED** that Defendant's Rule 37(a)(3)(B) Motion to Compel Plaintiff to Provide Complete Discovery Responses [#27] is **GRANTED IN PART** as set forth herein. Plaintiff's supplemental discovery responses are due on or before **November 30, 2022**.

**IT IS FURTHER ORDERED** that Defendant's Opposed Motion to Amend Scheduling Order [#28] is **GRANTED IN PART** as set forth herein. The new deadline to submit dispositive motions is **March 17, 2023**. The new deadline for mediation is **April 28, 2023**.

**IT IS FINALLY ORDERED** that in all other respects Defendant's motions are **DENIED**.

SIGNED this 16th day of November, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE